UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Deysi Rauda,
and other similarly situated individuals,

    Plaintiff(s),

v.

Kuda Leather Inc.,
Mauricio Villa, and Gloria Ruiz,
Individually,

    Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Deysi Rauda, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Kuda Leather Inc., Mauricio Villa, and Gloria Ruiz, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Deysi Rauda is a resident of Lake County, and she worked in Orange County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Kuda Leather Inc. (hereinafter, Kuda Leather, or Defendant), is a Florida corporation having its place of business in Orange County. Defendant was engaged in interstate commerce. Defendant Kuda Leather is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. The individual Defendants Mauricio Villa and Gloria Ruiz were and are now the owners/partners/officers and managers of Defendant Corporation Kuda Leather. Defendants Mauricio Villa and Gloria Ruiz were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Orange County, Florida, within the jurisdiction of this Court.

## General Allegations

6. This cause of action is brought by Plaintiff Deysi Rauda and other similarly situated employees to recover from Defendants, overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable

attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant Kuda Leather is a manufacturer of saddles, horse riding equipment, and distributor of horse riding apparel and accessories. Defendants' store is located at 1331 Green Forest CT # 10, Winter Garden, FL 34787.

8. Defendants Kuda Leather, Mauricio Villa, and Gloria Ruiz employed Plaintiff Deysi Rauda as a full-time, non-exempted, hourly employee from June 2009 to September 18, 2021, or more than 12 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

9. Plaintiff was an artisan. She was hired as a saddle maker. Plaintiff prepared and cut the leather and materials and handcrafted the pieces. Plaintiff was paid $737.00 per week.

10. While employed by Defendants, Plaintiff had a regular schedule. She worked 6 days per week from Monday to Saturday, from 10:00 AM to 10:00 PM (12 hours each day), or a total of 72 hours weekly. Plaintiff was not able to take bonafide lunchtime.

11. Plaintiff worked 72 hours weekly, but she was not paid for overtime hours.

12. Plaintiff clocked in and out, and Defendants were in complete control of Plaintiff's schedule. Defendants knew the number of hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid weekly without any paystub or record showing the number of days and hours worked, wage rate, employee taxes withheld, etc.

15. Plaintiff complained several times to the owner of the business Mauricio Villa about the lack of payment for overtime hours. Mauricio Villa answered: "We do not pay overtime here. If you continue asking for overtime, I am going to fire you."

16. On or about September 18, 2021, Plaintiff was fired after she requested to be paid for overtime hours again. Plaintiff also requested a letter stating her salary because she needed to show proof of income at her doctor's office.

17. Plaintiff Deysi Rauda seeks to recover unpaid overtime hours, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

18. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

19. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hours at the rate of time and one-half their regular rate.

20. This action is intended to include every saddle maker and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

21. Plaintiff Deysi Rauda re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. This cause of action is brought by Plaintiff Deysi Rauda as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor

Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant Kuda Leather was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides patient transportation services. Defendant worked in connection with a federal agency. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a saddle maker. Through her daily activities, Plaintiff produced goods for interstate

commerce. In addition, she handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

25. Defendants Kuda Leather, Mauricio Villa, and Gloria Ruiz employed Plaintiff Deysi Rauda as a full-time, non-exempted, hourly employee from June 2009 to September 18, 2021, or more than 12 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

26. Plaintiff was hired as a saddle maker, and during the relevant time of employment, she was paid $737.00 per week.

27. While employed by Defendants, Plaintiff had a regular schedule. She worked from 6 days a total of 72 hours weekly. Plaintiff was not able to take bonafide lunchtime.

28. Plaintiff worked 72 hours weekly, but she was not paid for overtime hours.

29. Plaintiff clocked in and out, and Defendants were in complete control of Plaintiff's schedule. Defendants knew the number of hours worked by Plaintiff and other similarly situated individuals.

30. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid weekly without any paystub or record showing the number of days and hours worked, wage rate, employee taxes withheld, etc.

32. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

33. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

35. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of unpaid O/T wages</u>:

      Twenty-Five Thousand Five Hundred Fifty-Nine Dollars and 04/100 ($25,559.04)

  b. <u>Calculation of such wages</u>:

    Total weeks of employment: more than 12 years
    Relevant weeks of employment: 156 weeks
    Total number of hours worked: 72 hours weekly
    Total number of O/T hours: 32 O/T hours
    Paid: $737.00 weekly: 72 hours worked=$10.24 Reg. rate
    Regular rate: $10.24:2=$5.12 half-time O/T

    $5.12 x 32 hours=$163.84 weekly x 156 weeks=$25,559.04

    <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents half-time unpaid overtime wages.

37. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff and those similarly

situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

39. At times mentioned, individual Defendants Mauricio Villa and Gloria Ruiz were the owners/partners, and they directed Kuda Leather's operations. Defendants were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of GPI concerning its employees, including Plaintiff and others similarly situated. Defendants Mauricio Villa and Gloria Ruiz had financial and operational control of the business and provided Plaintiff with her work schedule. They are jointly and severally liable for Plaintiff's damages.

40. Defendants Kuda Leather, Mauricio Villa, and Gloria Ruiz willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

Wherefore, Plaintiff Deysi Rauda and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants Kuda Leather, Mauricio Villa, and Gloria Ruiz based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Deysi Rauda and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3);

## **RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

42. Plaintiff Deysi Rauda re-adopts every factual allegation stated in paragraphs 1-20 of this complaint as if set out in full herein.

43. Defendant Kuda Leather was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides patient transportation services. Defendant worked in connection with a federal agency. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

44. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a saddle maker. Through her daily activities, Plaintiff produced goods for interstate commerce. In addition, she handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

45. Because of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

46. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

47. Likewise, 29 U.S.C. 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

48. Defendants Kuda Leather, Mauricio Villa, and Gloria Ruiz employed Plaintiff Deysi Rauda as a full-time, non-exempted, hourly employee from June 2009 to September 18, 2021, or more than 12 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

49. Plaintiff was hired as a saddle maker, and during the relevant time of employment, she was paid $737.00 per week.

50. While employed by Defendants, Plaintiff had a regular schedule. She worked from 6 days a total of 72 hours weekly. Plaintiff was not able to take bonafide lunchtime.

51. Plaintiff worked 72 hours weekly, but she was not paid for overtime hours.

52. Plaintiff clocked in and out, and Defendants were in complete control of Plaintiff's schedule. Defendants knew the number of hours worked by Plaintiff and other similarly situated individuals.

53. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

54. Plaintiff was paid weekly without any paystub or record showing the number of days and hours worked, wage rate, employee taxes withheld, etc.

55. Plaintiff complained several times to the owner of the business Mauricio Villa about the lack of payment for overtime hours. Mauricio Villa answered: "We do not pay overtime here. If you continue asking for overtime, I am going to fire you".

56. These complaints constituted protected activity under 29 U.S.C. 215(a) (3).

57. However, on or about September 18, 2021, Plaintiff was fired after she requested to be paid for overtime hours again. Plaintiff also requested a letter stating her salary because she needed to show proof of income to her doctor's office.

58. On or about August 10, 2021, one week after Plaintiff complained about the lack of payment for overtime hours, Defendants took away from Plaintiff's house the company's vehicle used by Plaintiff to transport the patients, and she was never scheduled to work again.

59. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

60. The termination of Plaintiff Deysi Rauda by Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because she complained about missing payment for overtime hours, in violation of the FLSA, and because she requested proof of employment.

61. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

62. At times mentioned, individual Defendants Mauricio Villa and Gloria Ruiz were the owners/partners, and they directed Kuda Leather's operations. Defendants were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of GPI concerning its employees, including Plaintiff and others similarly situated. Defendants Mauricio Villa and Gloria Ruiz had

financial and operational control of the business and provided Plaintiff with her work schedule. They are jointly and severally liable for Plaintiff's damages.

63. Kuda Leather, Mauricio Villa, and Gloria Ruiz willfully and maliciously retaliated against Plaintiff Deysi Rauda by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

64. The motivating factor which caused Plaintiff Deysi Rauda to be fired from the business, as described above, was her complaint seeking overtime wages from Defendants. In other words, Plaintiff would not have been fired but for her complaints about overtime wages.

65. Defendants' adverse actions against Plaintiff Deysi Rauda were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

66. Plaintiff Deysi Rauda has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

Prayer For Relief

Wherefore, Plaintiff Deysi Rauda respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff Deysi Rauda by

Defendants Kuda Leather, Mauricio Villa, and Gloria Ruiz was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants Kuda Leather, Mauricio Villa, and Gloria Ruiz, awarding Plaintiff Deysi Rauda liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiff Deysi Rauda and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  October 20, 2021                           Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:   (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*