UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No. 6:21-cv-01760-RBD-LRH

DEYSI RAUDA,
and others similarly situated,

    Plaintiffs,

v.

KUDA LEATHER INC.,
MAURICIO VILLA AND
GLORIA RUIZ

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, KUDA LEATHER INC., MAURICIO VILLA, and GLORIA RUIZ, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint [DE #1], as follows:

**Jurisdiction, Venues, and Parties**

1. Admitted that this Court has jurisdiction over a valid claim under the Fair Labor Standards Act. Denied that this is a valid claim.

2. Without knowledge to affirm or deny the residence of Plaintiff. Denied that the Plaintiff is a covered employee for purposes of the Act.

3. Admitted as to the place of business of Kuda Leather. Admitted as to interstate commerce. Denied as to employer within the meaning of 3(d) of the Fair Labor Standards Act ("FLSA").

4. Admitted that Individual Defendants are owners of Kuda Leather. Denied that they are employers of Plaintiff in accordance with 3(d) of the Fair Labor Standards Act. Denied that there are other similarly situated employees.

5. No actions violative of the FLSA took place, however, the employer's place of business is within the jurisdiction of this Court.

## General Allegations

6. Admitted that Plaintiff attempts to bring an action for all that is listed in this paragraph. Denied that the Plaintiff has a cause of action for what is listed in this paragraph.

7. Admitted, except the Defendant does not make saddles.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Admitted that the Plaintiff's hours were tracked. Denied that the Defendant had control over the Plaintiff's schedule.

13. Denied.

14. There was a record of days and hours available to Plaintiff. Admitted that the employee taxes were not withheld.

15. Denied.

16. Denied.

17. Admitted the Plaintiff seeks to recover same. Denied the Plaintiff is entitled to same.

## Collective Action Allegations

18. Admitted that the Plaintiff attempts to bring this action under 216(b) of the Fair Labor Standards Act, denied that she has a cause of action.

19. Admitted that the Plaintiff contends same, denied these allegations are true.

20. Denied, the Plaintiff was not a saddle maker. Denied, Defendant did not make saddles in house, therefore, there are no similarly situated saddle makers.

## COUNT 1:
### Wage and Hour Federal Statutory Violation; Failure to Pay Overtime; Against All Defendants

21. Defendant readopts all admissions and denials of paragraphs 1-20 as if set out in full herein.

22. Denied that there are similarly situated employees. Admitted that the Plaintiff attempts to recover in the fashion she claims. Denied that the Plaintiff is entitled to recover.

23. Admitted that enterprise jurisdiction exists over Defendant, but denied that Plaintiff is a covered employee. Denied that there were ever patient transportation services as part of a leather shop. Denied that the leather shop worked with Federal Agencies.

24. Admitted that Enterprise Coverage exists, denied that same makes a difference, as Plaintiff was not an employee. Denied that there are similarly situated employees. Denied that Plaintiff was a saddle maker. Denied that there is individual coverage.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted that Plaintiff clocked in and out, and that Defendants knew how many hours Plaintiff worked. Denied that Defendants had control over Plaintiff's schedule. Denied that there are other similarly situated individuals.

30. Denied.

31. Admitted as to taxes, denied as to the remainder of allegations in this paragraph.

32. Admitted as to possession and custody. Denied as to the inaccuracy of the records, as the records were accurate. Denied, there are no members of an asserted class.

33. Denied.

34. Denied.

35. Denied.

36. Denied, the Plaintiff is owed no overtime.

37. Denied.

38. Denied.

39. Admitted that the Individual Defendants were owners. Denied that the Plaintiff was an employee. Denied that there is a purported class of opt-in Plaintiffs. Denied that the Individual Defendants set Plaintiff's schedule. Denied as to the allegations of the rest of the paragraph.

40. Denied.

41. Without sufficient knowledge to affirm or deny the arrangements between Plaintiff and her Counsel.

## COUNT II:
## Federal Statutory Violation Pursuant to 29 U.S.C. 215(a)(3); Retaliatory Discharge; Against All Defendants

42. Defendant readopts all admissions and denials of paragraphs 1-20 as if set out in full herein.

43. Admitted that there is enterprise coverage over the Defendant, denied same has anything to do with Plaintiff who was not an employee, but an independent contractor. Denied that the Defendant, a leather shop, provided patient transportation services. Denied that the Defendant worked with Federal Agencies.

44. Denied that Plaintiff was a saddle maker, denied that there are similarly situated employees. Admitted that there is Enterprise Coverage over the Defendant. Denied that Enterprise Coverage matters because Plaintiff was an independent contractor, not an employee. Denied as to individual coverage.

45. Denied that the foregoing was correct information.

46. This is a statement of law which requires no response.

47. This is a statement of law which requires no response.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Admitted that the Plaintiff clocked in and out. Denied that the Defendant controlled Plaintiff's schedule. Admitted that the Defendant knew how many hours worked. Denied that there are similarly situated individuals.

53. Denied.

54. Admit as to taxes withheld, denied as to all other allegations.

55. Denied.

56. Denied. They would have if by an employee, and had they actually happened, which they did not.

57. Denied.

58. Denied. Again, there are no patients, nor patient transportation, involved in the selling of leather goods.

59. Denied.

60. Denied.

61. Denied.

62. Admitted that the Individual Defendants owned the Corporate Defendant, denied as to the rest of the allegations in this paragraph. Denied that there is a collective, especially in the context of a retaliation claim.

63. Denied.

64. Denied.

65. Denied.

66. Without independent knowledge to affirm or deny the Plaintiffs relationship with her Counsel.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent Defendants tendered payment for all hours worked.

### Second Affirmative Defense

Plaintiffs' damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which she engaged in certain activities that were preliminary or postliminary to her principal activities.

### Fourth Affirmative Defense

To the extent the proper Corporate Defendant is found not to be liable, Mauricio Villa, and Gloria Ruiz, are also not liable for any violations of the FLSA

because any claim against them would only be a derivative of the claim against the corporate Defendant. See, e.g., *Casseus v. First Eagle, LLC,* 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Fifth Affirmative Defense

Plaintiff's damages are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47.

### Sixth Affirmative Defense

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith, and Defendants had reasonable grounds for believing that they were in compliance with the FLSA.

### Seventh Affirmative Defense

Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor

### Eighth Affirmative Defense

Plaintiff came and went as she wished, making her own schedule, and not working for Defendants for months at a time. Plaintiff chose when to work, and when not to. Plaintiff was engaged based on her skills as a seamstress, which were not needed every day. Plaintiff controlled the manner, in which the work was

completed. Plaintiff's set how many hours she would work for Defendants. Plaintiff is not an employee but an independent contractor, and is therefore, not entitled to the protections of the FLSA.

### Ninth Affirmative Defense

Plaintiff's claims are barred to the extent that they fall outside of the statute of limitations.

### Tenth Affirmative Defense

Plaintiff's claims are at least partially barred as she is seeking compensation for work that she did not actually perform.

### Eleventh Affirmative Defense

Plaintiff's claims are barred to the extent that she did not actually work more than forty (40) hours in any workweek.

### Twelfth Affirmative Defense

Plaintiff does not make a sufficient argument for a collective action.

### Thirteenth Affirmative Defense

If found liable for retaliatory discharge, which Defendants deny, then the Defendants are entitled to a set-off if Plaintiff did not vigorously search to mitigate her damages. In other words, if she did not look for a new job in good faith, or vigorously.

Dated: November 11, 2021

        Respectfully submitted,

        LUBELL & ROSEN, LLC
        200 S. Andrews Ave, Suite 900
        Fort Lauderdale, Florida 33301
        Phone: (954) 880-9500
        Fax:     (954) 755-2993
        E-mail: jhs@lubellrosen.com
               ged@lubellrosen.com


        */s/ Joshua H. Sheskin*
        Joshua H. Sheskin, Esquire
        Florida Bar No. 93028
        George E. Dahdal, Esquire
        Florida Bar No. 1031644
        *Attorneys for Defendants, KUDA LEATHER INC., MAURICIO VILLA and GLORIA RUIZ.*