# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DEYSI RAUDA,

        Plaintiff,

v.                                        Case No:   6:21-cv-1760-RBD-LHP

KUDA LEATHER INC.,
MAURICIO VILLA and
GLORIA RUIZ

        Defendants.

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE (Doc. 19)**
>
> **FILED:**     February 9, 2022
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On October 20, 2021, Plaintiff Deysi Rauda ("Plaintiff") filed this action against Defendants Kuda Leather, Inc., Mauricio Villa, and Gloria Ruiz ("Defendants"), asserting claims for unpaid overtime compensation (Count I) and

retaliatory discharge (Count II) in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. 1).[1] On February 9, 2022, the parties filed the present Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice. (Doc. 19). The parties ask the Court to approve their settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), and thereafter to dismiss the case with prejudice. (*Id.*). With the motion, the parties have attached a fully executed copy of their Settlement Agreement and General Release ("Agreement"). (Doc. 19-1).

The motion was referred to the undersigned. Upon review, there are several issues with the joint motion and Agreement that prevent the undersigned from recommending that the Court approve the parties' agreement. Each issue will be addressed in turn.

First, the Agreement contains a broad, mutual general release provision, which states that "EMPLOYEE knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, the EMPLOYER of and from any and all claims, known and unknown, asserted and unasserted or that EMPLOYEE

---

[1] Plaintiff originally asserted her claims as a putative collective action on behalf of similarly situated employees. (Doc. 1). However, Plaintiff did not otherwise litigate this case as a collective action, no person has filed a notice of consent to join, and the motion to approve settlement agreement only relates to Plaintiff's individual claims. *See* Docs. 19; 19-1.

has or may have against the Released Parties as of the date of execution of this Agreement…" (Doc. 19-1 ¶ 4). The release goes on to list over fourteen different state and federal laws, and broadly includes any and all categories of public policy, contract, and tort laws, among others. (*Id.*). The provision further states that "EMPLOYER knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, the EMPLOYEE of and from any and all claims, known and unknown, asserted and unasserted or that EMPLOYER has or may have against EMPLOYEE as of the date of execution of this Agreement." (*Id.*).

The presiding District Judge in this case has determined that the release of claims not raised in the complaint renders such a release "per se unreasonable under *Lynn's Food* because it confers an undeserved benefit upon Defendant without furthering the resolution of any bona fide FLSA dispute." *See Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 WL 13812275, at *1 n. 1 (M.D. Fla. July 21, 2015). And while general releases may be permissible if a plaintiff "is given compensation in addition to that which she is entitled under the FLSA," *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014), the motion states that the total bargained for amount to be paid to Plaintiff includes consideration for the general release; in other words, the consideration for the general release does not appear to be separate

from the amount that Plaintiff will receive to satisfy her wage claims under the FLSA.  *See* Doc. 19, at 6-7.[2]

Similarly problematic is the fact that the release extends to non-parties to this litigation.  The Agreement defines "Employee" as Plaintiff herself, as well as her "executors, administrators, successors, attorneys, and assigns," and defines "Employer" as Defendants themselves, as well as their "executors, administrators, successors, attorneys, and assigns."  (Doc. 19-1, at 2).  The presiding District Judge has previously stated that "a general release may not be used to release a non-party."  *See Lina Arguelles et al. v. Noor Baig, Inc.*, No. 6:16-cv-2024-Orl-37TBS (Doc. 19) (M.D. Fla. Feb. 24, 2017).  And even if the parties limit the release to only FLSA claims, "the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party."  *See id.*; *see also Rivera v. U.S.A. Transporter Servs., Inc.*, No. 6:16-cv-2158-Orl-37TBS, 2017 WL 11049718, at *2 (M.D. Fla. Apr. 7, 2017) ("[A] general release may not be used to release a non-party.  Here, the parties have submitted no authority supporting the propriety of releasing claims against non-

---

[2] Moreover, the Settlement Agreement provides that the compensation Plaintiff will receive is for both her wage claims and her retaliation claim.  (Doc. 19-1, at 3).  However, the amount to be paid Plaintiff is merely broken down to $8,000.00 for unpaid wages, and $8,000.00 for liquidated damages.  (*Id.*).  Thus, while retaliation claims are not subject to analysis under *Lynn's Food*, the Court cannot ascertain what portion, if any, of the amount to be paid to Plaintiff should be attributed to the retaliation claim, nor can the Court ascertain whether the broad general release relates solely to the retaliation claim (and whether any compensation over and above the compensation for the wage claims in intended as consideration for the release).

parties in an FLSA action. Absent such, the Court declines to approve the release of claims against any entity or person other than Defendant.").

In addition, the Agreement contains a provision stating that the Agreement as a whole is binding upon non-parties to this action. *See* Doc. 19-1 ¶ 8. The joint motion fails to address the propriety of this provision, and courts in this District have found such provisions improper. *See, e.g.*, *Vazquez v. Joseph Cory Holdings, LLC*, No. 6:16-cv-1307-Orl-40TBS, 2017 WL 4277161, at *3 (M.D. Fla. Sept. 15, 2017) (recommending severance of "Binding Effect" provision of FLSA settlement agreement that purported to bind "the Parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, successors, and assigns"), *report and recommendation adopted*, 2017 WL 4241997 (M.D. Fla. Sept. 25, 2017); *see also Simon-Wilson v. Washington Inventory Serv., Inc.*, No. 8:16-cv-2810-T-35MAP, 2017 WL 10275983, at *2 (M.D. Fla. June 22, 2017) (approving settlement agreement but ordering that "[t]he Settlement Agreement does not bind any party who is not named as a party in the Settlement Agreement or referenced as an assign, attorney, or successor to the named parties. The Settlement Agreement also does not bar any claim by any third-party that may be brought against either party to this action"). In the absence of any explanation from the parties, the Court finds this is another reason why the Court cannot recommend approval of the settlement.

For these reasons, the Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (Doc. 19) is **DENIED without prejudice**.[3]  On or before **March 29, 2022**, the parties shall file a renewed motion for settlement approval, which must address the issues outlined in this Order.

**DONE** and **ORDERED** in Orlando, Florida on March 15, 2022.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[3] The Court notes that the Agreement contains a severability clause, *see* Doc. 19-1 ¶ 6; however, that provision specifically does not apply to the language of the release.