UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-01760-RBD-LRH

DEYSI RAUDA,

    Plaintiff,

v.

KUDA LEATHER INC., MAURICIO VILLA,
and GLORIA RUIZ, individually

    Defendants,

_____/

### JOINT RENEWED MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

Plaintiff, DEYSI RAUDA, (hereinafter, "Plaintiff"), and Defendants, KUDA LEATHER, INC., MAURICIO VILLA, and GLORIA RUIZ (hereinafter, collectively as "Defendants") (hereinafter, together referred to as the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Renewed Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in the instant action and dismiss the instant action with prejudice, and in support thereof, state:

### OVERVIEW

The obligation of every litigant before this Court is to try to save the judicial resources of the Court, in situations in which experienced counsel can use all

1

available resources, and cooperation, to come to a fair resolution of the dispute. In the instant action the parties participated in voluntary discovery, disclosing to each other all evidence necessary to come to a resolution that reflected a fair compromise of the claims alleged, when compared to the evidence, and risk of summary judgment. Counsel separately negotiated fees to avoid attorneys' fees having any effect on the Plaintiff's recovery. Experienced Counsel cooperated to come to a fair and reasonable settlement of claims.

When this Court decided not to accept the first settlement agreement because of certain enumerated factors, the parties worked together to come to the current settlement agreement. The instant settlement agreement is executed, and agreed to, by all parties.

## MEMORANDUM OF LAW

### I.   Legal Principles

This is an action brought by Plaintiff for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq.* Plaintiff also asserted a claim of retaliation under the FLSA. Defendants have denied any and all liability with regards to Plaintiff's claims, including the amount of alleged unpaid wages in this action. Defendants assert that Plaintiff was properly compensated as an Independent Contractor. Furthermore, Defendants avers that there was no retaliation. However, Defendants choose to settle all claims to avoid

further litigation costs. Plaintiff wishes to settle as Plaintiff is being compensated for the hours she actually worked, plus a retaliation claim that was highly contested.

Pursuant to precedent, parties in a private lawsuit, pursuant to Section 216(b) of the FLSA, my settle contested claims, and release the employer, if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Eleventh Circuit holds that it is justified to approve a settlement, conditioned, as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The filing of this action, and the litigation up until settlement, were adversarial in nature. Both lead counsel (Zandro Palma, and Joshua H. Sheskin) have, each, previously been counsel in hundreds of Civil Rights/Labor Actions. The

Parties were zealously represented by competent and experienced counsel.

The parties conducted their own voluntary discovery, in furtherance of settlement, in addition to the discovery ordered by this Court. Following a long negotiation of the claim, (including an evaluation of all relevant: time records; time actually worked; risk of summary judgment on the Independent Contractor Defense; and evidence tending to disprove the retaliation claim), the Parties settled the Plaintiff's claims. Considering the evidence presented by both parties, through their voluntary engagement in informal discovery, the settlement amount is reasonable and fair to the Plaintiff.

It should be the goal of all counsel before this Court to ensure that every avenue is explored before burdening this Court with unnecessary litigation. The FLSA is a matter of math, the parties voluntarily exchanged evidence in furtherance of saving the burden of unnecessary litigation, which allowed them to calculate the damages and liquidated damages which were alleged to be, potentially, recoverable, and then to evaluate the efficacy of the retaliation claim, and its related value. Two experienced counsel, and a promising young lawyer, were able to weigh the evidence, figure out what was fair, present it to the clients, and save unnecessary litigation.

Next, the parties negotiated attorneys' fees. While Defense Counsel Sheskin, usually charges more than Plaintiff's Counsel, Mr. Palma, Mr. Sheskin discounted

4

his rate for this specific client, discounted Mr. Sheskin's rate is the same as Mr. Palma's. Hence, Defense Counsel cannot, reasonably, contest Mr. Palma's fees, nor the reasonableness thereof.

Factual disputes abounded in this litigation, the Plaintiff claimed a quantity of hours that the Defendants strongly denied, and upon review of the time records kept by Defendants, and text messages exchanged between the Parties, the Parties were able to come to a hard-fought final number, for Plaintiff's claims.

Further, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, district courts have deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti v. Embarq Management Company*, 715

F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)[1]; *see also Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

As held in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement,

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d at 1228.

> including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. *Id.*

The Parties conducted non-mandatory discovery to come up with the fairest number to the Plaintiff, and after weeks-worth of negotiation, including an in-person settlement conference, came to a fair number. After the agreed upon number for the Plaintiff was reached, the Parties agreed to Mr. Palma's hourly rate and the reasonableness of his investment of time.

## II.     Terms of Settlement

1. This case involves claims made by Plaintiff for alleged unpaid overtime wages under the FLSA, as well as for alleged retaliation.

2. After extensive negotiations held from the onset of this action, including those held at an in-person settlement conference, the parties were able to reach a settlement between them that resolved all of Plaintiff's claims, and then settled the issues of attorney's fees and costs, separately.

3. Plaintiff and Defendants herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims, and that the terms of the settlement

are acceptable to both Plaintiff and Defendants. Specifically, based upon their respective estimates of Plaintiff's time, which came out to be far less than the original amounts calculated, the parties negotiated the settlement amount herein.

4. In settlement, Plaintiff DEYSI RAUDA, will be paid a total of $16,000.00 as full relief and compensation of any alleged unpaid overtime wages, liquidated damages, and alleged retaliation. From the total amount of $16,000.00, $7,000.00 shall be allocated in satisfaction of Plaintiff's claims for "wages"; $7,000.00 shall be allocated in satisfaction of Plaintiff's claim for "liquidated damages; and $2,000.00 shall be allocated towards the retaliation claim"  The parties agree that upon careful review of Plaintiff's dates of alleged employment; hours and weeks which Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's time worked, this amount represents a fair and reasonable compromise of the disputed claims.

5. Plaintiff's statement of claim asserted $37,273.60 in unliquidated damages, and $74,547.20 in liquidated damages, including Plaintiff's FLSA and retaliation claims. Notwithstanding, the parties agree that there are genuine disputes as to whether or not Plaintiff worked the alleged number of hours on a weekly basis; whether or not Plaintiff was in fact paid properly for all hours Plaintiff actually worked, including overtime; whether or not Plaintiff was retaliated against; whether or not Plaintiff voluntarily left her employment; and whether or not any

8

alleged violations of the FLSA, if any, were willful. Based on the Defenses available to Defendants, Plaintiff could have been barred from any recovery in the instant action.

6. Accordingly, the amount of this settlement to Plaintiff is fair and reasonable given that: Plaintiff will be receiving substantial compensation for her claims under the FLSA; Plaintiff's claims are highly disputed; there are genuine issues of material fact which are in dispute; and the fact that Plaintiff could be barred from recovery in this matter should Defendants prevail on their Independent Contractor Defense.

7. Additionally, this settlement is also reasonable given the high costs of defending and prosecuting this matter further, and the time and resources which would have been expended by both Parties in taking this mater to trial.

8. Negotiated, separate and apart, Plaintiff's counsel shall receive $7,000.00 in attorney's fees and $500.00 in costs, which have been incurred to date in this action, including preparation and/or review of all settlement documents. Plaintiff's counsel, who has over 15 years of experience litigating employment related matters, charges an hourly rate of $400.00. This rate has been consistently approved by Courts in this District as well as Courts in the Southern and Northern Districts of Florida. Moreover, Plaintiff's counsel's previous hourly rate of $375.00 had also been consistently approved and deemed reasonable by this Court as well

9

as Courts in the Southern District of Florida. *See Abreu v. Free Flow Constr., Inc.*, Case No. 18-20244, 2018 WL 6492904, at *1 (S.D. Fla. Oct. 30, 2018) (adopting Report and Recommendation recommending that Zandro E. Palma, Esq.'s requested rate of $375 was reasonable); *see also Ruiz, et. Al. v. Global Fish Handlers, Corp., et al.*, Case No. 1:16-cv-25205-JEM, [D.E.#65], (S.D. Fla. April 4, 2019) ("This Court has previously awarded Mr. Palma attorney's fees at a rate of $375 per hour. The Court finds that $375 is a reasonable hourly rate for Mr. Palma.").

9. Plaintiff's counsel has expended over 17 hours on this matter to date, which includes time spent engaging in informal discovery, extensive review of time and pay records, attorney-client communications, an in-person settlement conference, settlement negotiations, and other activity.

10. Notwithstanding, Plaintiff's counsel's attorney's fees and costs were negotiated separately, and apart, from the award to Plaintiff. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to her attorney. Accordingly, this Honorable Court should find that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiff and approve the settlement.

11. The parties' settlement agreement is attached hereto as **Exhibit A**.

12. The attached agreement includes every settlement term and condition.

WHEREFORE, the Parties respectfully request that this Honorable Court

approve the Parties' Settlement, and dismiss the instant action with prejudice.

DATED this 29th day of March 2022.

Respectfully Submitted,

| | |
|---|---|
| */s/Zandro E. Palma*_____ | */s/George E. Dahdal* _____ |
| Zandro E. Palma, Esq. | George E. Dahdal, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No.: 1031644 |
| **ZANDRO E. PALMA, P.A.** | Joshua H. Sheskin, Esq. |
| 9100 S. Dadeland Blvd., Suite 1500 | Florida Bar No.: 93028 |
| Miami, Florida 33156 | **LUBELL & ROSEN, LLC** |
| Telephone No.: (305) 446-1500 | 200 S. Andrews Ave, Suite 900 |
| Phone: (954) 755-3425 | Ft. Lauderdale, Florida 33301 |
| Facsimile No.: (305) 446-1502 | Fax: (954) 755-2993 |
| zep@ThePalmaLawGroup.com | ged@lubellrosen.com |
| *Attorney for Plaintiff* | jhs@lubellrosen.com |
| | *Attorneys for Defendants* |