# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DEYSI RAUDA,

       Plaintiff,

v.     Case No:   6:21-cv-1760-RBD-LHP

KUDA LEATHER INC.,
MAURICIO VILLA and
GLORIA RUIZ

       Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** JOINT RENEWED MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE (Doc. 23)
>
> **FILED:** March 29, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.     BACKGROUND.**

On October 20, 2021, Plaintiff Deysi Rauda ("Plaintiff") filed this action against Defendants Kuda Leather, Inc., Mauricio Villa, and Gloria Ruiz ("Defendants"), asserting claims for unpaid overtime compensation (Count I) and retaliatory discharge (Count II) in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Doc. No. 1.[1]  Defendants answered the complaint, and the case has proceeded in the normal course pursuant to an FLSA Scheduling Order.  Doc. Nos. 8, 11.

On February 9, 2022, the parties filed a Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice.  Doc. No. 19.  The parties asked the Court to approve their Settlement Agreement and General Release ("Agreement") pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), and thereafter to dismiss the case with prejudice.  *Id.*[2]  Upon review, the undersigned found several issues with the joint motion and Agreement.

---

[1] Plaintiff originally asserted her claims as a putative collective action on behalf of similarly situated employees.  Doc. No. 1.  However, Plaintiff did not otherwise litigate this case as a collective action, no person has filed a notice of consent to join, and the motion to approve settlement agreement only relates to Plaintiff's individual claims.  *See* Doc Nos. 23; 23-1.

[2] On February 10, 2022, the undersigned ordered the parties to file within three days a notice stating whether or not the parties have entered into any agreement (whether oral or in writing) that has not been disclosed to the Court and (a) is in any way related to this action or (b) otherwise contains a release extending beyond the FLSA claims in this action, contains a confidentiality provision, or contains a non-disparagement provision.  Doc. No. 20.  The same day, the parties filed their joint notice, in which they represented that there are no agreements between the parties which have not been disclosed to the Court, and that the parties' settlement agreement contained no confidentiality provisions or non-disparagement clauses, but did contain a mutual general release of claims beyond the FLSA.  Doc. No. 21.

Doc. No. 22. Specifically, (1) the Agreement contained a broad, mutual general release provision, (2) the release provision extended to non-parties to the litigation, (3) the Agreement provided that the compensation Plaintiff would receive was for both her wage claims and her retaliation claim, but did not specify what portion, if any, of the compensation to be paid to Plaintiff was attributed to the retaliation claim, and (4) the Agreement contained a provision stating that the Agreement as a whole was binding upon non-parties. *Id.* Accordingly, the undersigned denied the motion without prejudice and directed the parties to file a renewed motion which addressed these deficiencies on or before March 29, 2022. *Id.* at 6.

On March 29, 2022, the parties timely-filed the above-styled Joint Renewed Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice. Doc. No. 23. They have included with the motion a fully executed copy of their revised Settlement Agreement. Doc. No. 23-1. The parties again ask that the Court approve their Settlement Agreement in accordance with *Lynn's Food*, 679 F.2d at 1353, and thereafter to dismiss the case with prejudice. Doc. No. 23. The renewed motion was referred to the undersigned, and the matter is ripe for review.

## II.    APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of

Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims.  *Id.* at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The stage of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.  *Lynn's Food*, 679 F.2d at 1354.  There is a strong presumption in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

When a settlement agreement includes an amount for attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[4] The parties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorneys' fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   ANALYSIS.

   *A.   Whether Plaintiff Has Compromised Her FLSA Overtime Claim.*

Although Plaintiff's answers to the Court's Interrogatories are less than clear, Plaintiff appears to claim that she is owed a total of $74,547.20, with $11,714.56 representing lost overtime wages.  Doc. No. 18 at 3-4.  Plaintiff also claims that she is owed $5,052.00 in attorneys' fees and costs.  *Id.* at 5.  Under the terms of the Settlement Agreement, Defendants will pay Plaintiff a total of $23,500.00, allocated as follows: (1) $7,000.00 in unpaid overtime compensation; (2) $7,000.00 in

---

[4] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.  *See* 11th Cir. R. 36–2.

liquidated damages; (3) $2,000.00 for Plaintiff's retaliation claim;[5] and (4) $7,500.00 in attorneys' fees and costs.   Doc. No. 23-1 ¶2.

Because Plaintiff will receive less in settlement ($23,500.00) than her initial demand ($79,599.20), this case involves a compromise of Plaintiff's claims within the meaning of *Lynn's Food*.[6]   *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

    B.    *Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised her FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that she agreed to accept is reasonable.   In the joint motion, the parties explain that both sides were zealously represented by their respective counsel and that the parties engaged in voluntary, informal discovery in furtherance of settlement of this matter.   Doc. No. 23, at 2, 4. The parties further agree that the action involves disputed issues.   Specifically,

---

[5] Although the parties have stated that Plaintiff will be receiving $2,000.00 in compensation for her retaliation claim, generally, "[a] settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim." *Thompson v. Dealer Mgmt. Serv., Inc.*, No. 6:16-cv-1468-Orl-40KRS, 2016 WL 7644856, at *2 (M.D. Fla. Dec. 13, 2016) (citations omitted), *report and recommendation adopted*, 2017 WL 37941 (M.D. Fla. Jan. 4, 2017).   Finding no such contamination in this case, in the remainder of this Report and Recommendation, the undersigned discusses solely the settlement of Plaintiff's claim for overtime compensation under the FLSA.

[6] Further, the parties acknowledge in the joint motion that the settlement amount is a compromise of Plaintiff's claims.   *See* Doc. No. 23, at 8.

Defendants have denied any and all liability with regard to the amount of alleged unpaid wages and maintain that Plaintiff was properly compensated as an independent contractor. *Id.* at 2. The parties agree that the following additional issues are disputed amongst them: whether or not Plaintiff worked the alleged number of hours on a weekly basis; whether or not Plaintiff was in fact paid properly for all hours Plaintiff actually worked, including overtime; whether or not Plaintiff was retaliated against; whether or not Plaintiff voluntarily left her employment; and whether or not any alleged violations of the FLSA, if any, were willful. *Id.* at 8-9. The parties represent that based on the defenses available to Defendants, Plaintiff "could have been barred from any recovery in the instant action." *Id.* at 9. Notwithstanding their disagreements, the parties have agreed to resolve this dispute "given the high costs of defending and prosecuting this matter further, and the time and resources which would have been expended by both [p]arties in taking this mater to trial." *Id.* The parties agree that the proposed settlement represents a fair and reasonable compromise of the disputed claims. *Id.* at 8.

Because these representations adequately explain the reasons for the compromise of Plaintiff's overtime claim, I respectfully recommend that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227

("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C. *Attorneys' Fees and Costs.*

Given that Plaintiff has compromised her FLSA overtime claim, the Court must next consider whether the payment to Plaintiff's counsel is reasonable to ensure that the attorneys' fees and costs to be paid did not improperly influence the amount that Plaintiff agreed to accept in settlement. *See Silva*, 307 F. App'x at 351.

Pursuant to the Settlement Agreement, counsel for Plaintiff will receive a total of $7,500.00 in fees and costs. Doc. No. 23-1 ¶2. The Settlement Agreement expressly provides that the amount of attorneys' fees and costs was "negotiated separate and apart" from the amount to be paid to Plaintiff. *Id.* And in the joint motion, the parties represent that "Plaintiff's counsel's attorney's fees and costs were negotiated separately, and apart, from the award to Plaintiff. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to her attorney." Doc. No. 23 at 10.

Based on these representations, I recommend that the Court find that the amount of attorneys' fees and costs Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff has agreed to accept for resolution of her FLSA overtime claim. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorneys' fee issue is "addressed independently and seriatim, there is no reason to

assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

D.  *Other Terms of the Parties' FLSA Agreement.*

In the renewed joint motion, the parties represent that the attached Settlement Agreement (Doc. No. 23-1) includes every settlement term and condition between the parties.  Doc. No. 23 at 10.  Upon review, the modified Settlement Agreement no longer extends to non-parties to the litigation, and, as noted above, it now clearly delineates the compensation to be paid to Plaintiff for both her overtime claim and her retaliation claim.  *See* Doc. No. 23-1.  Further, the Settlement Agreement expressly states that it is "binding solely upon the parties hereto," which are defined as Plaintiff and Defendants.  *Id.* ¶ 8; *see id.* at 1.  And with the exception of the release provision and the "Dismissal of Lawsuit" provision, discussed below, there are no other potentially problematic provisions that could taint the fairness of the parties' settlement.

1. *The Release Provision*

With respect to the release provision, the parties have narrowed the release in the prior Agreement as follows:

> EMPLOYEE knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, the EMPLOYER of and from all claims of unpaid overtime hours under the Fair Labor Standards Act and claims of retaliation that she alleges was related to the Fair Labor Standards Act.

- 9 -

> The parties acknowledge that the Agreement shall not apply to rights or claims that may arise after the Effective Date.

(*Id.* ¶ 4).[7]

Unlike the broad general release in the parties' initial Agreement, the release in the renewed Settlement Agreement is limited to the FLSA overtime and retaliation claims asserted by Plaintiff in the complaint. *See id.;* Doc. No. 1. The presiding District Judge has found releases that are so limited to be sufficiently narrow such that they do not impact the reasonableness and fairness of an FLSA settlement agreement. *See, e.g., Dumas v. 1 Able Realty, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 1791535, at *1 (M.D. Fla. Apr. 16, 2018) (in case where plaintiff asserted claims for unpaid overtime compensation and retaliation under the FLSA, common law claim for unpaid wages, and claim under the Florida Whistleblower Act, finding that release was "sufficiently narrow" because it did not require the plaintiff to release all possible claims, but only those asserted in the complaint); *see also Turner v. HJB Express Freight, Inc.*, No. 6:17-cv-655-Orl-37KRS, 2018 WL 2112241, at *2 (M.D. Fla. May 8, 2018). Accordingly, the undersigned recommends the Court find that the release provision is sufficiently limited in scope such that it does not taint the fairness of the settlement of Plaintiff's FLSA overtime claim.

    2. *The Dismissal of Lawsuit Provision*

---

[7] The Settlement Agreement defines "Employee" as Plaintiff and "Employer" as Defendants. Doc. No. 23-1 at 1.

- 10 -

The parties' modified Settlement Agreement includes the following provision, under the heading "Dismissal of Lawsuit," which was not included in the prior version of the Agreement:

> The parties hereto agree that, upon the final execution of this AGREEMENT by all parties, Plaintiff's counsel shall draft and counsel for the parties shall file an order for execution by the Court which dismisses the Defendant from this action, with prejudice, each party bearing its own costs and fees, and which reserves jurisdiction to enforce the AGREEMENT.
>
> If a prospective employer requests an employment reference for EMPLOYEE, the EMPLOYEE will direct all inquiries to EMPLOYER. The EMPLOYER will only provide dates of employment, positions held and rate of pay. *Similarly, as EMPLOYER will make nothing but neutral statements of fact about the EMPLOYEE, EMPLOYEE shall only make neutral statements of fact about the employer. Both parties agreeing neutral fact references are required for all forums, and forms of communication, and none of same will there be posted, or said anything but neutral fact statements, about each other. The parties shall not engage each other online, or in any form of debate of any neutral facts. As they are neutral they shall require no response, nor urge a response from the other party. The Parties are advised that it is best not to talk about this settlement, or the circumstances leading up to it, with anyone. However, doing so is the Party's choice, as but they shall only make statements of neutral fact.*

Doc. No. 23-1 ¶ 5 (emphasis added).

The parties provide no explanation regarding this provision in their joint motion. *See* Doc. 23. And the italicized language of the second paragraph of the provision, though somewhat equivocal, appears be an attempt to insert a non-disparagement clause (*i.e.*, requiring only "neutral fact statements"), and to strongly encourage confidentiality. Doc. No. 23-1 ¶ 5. This District strongly disfavors

both non-disparagement and confidentiality provisions in FLSA settlements. *See, e.g.*, *Rivera v. U.S.A. Transporter Servs., Inc.*, No. 6:16cv-2158-Orl-37TBS, 2017 WL 11049718, at *2 (M.D. Fla. Apr. 7, 2017) (collecting cases and stating that the inclusion of confidentiality and non-disparagement provisions in FLSA settlement agreements "are routinely rejected throughout this District"); *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (citations omitted) (noting that courts generally reject non-disparagement clauses in FLSA settlement agreements). And in the absence of any explanation by the parties as to the propriety of this language, or reference to any additional consideration for this language, the undersigned cannot recommend that its inclusion does not taint the fairness of the settlement.

Where an FLSA agreement contains a severability clause, courts have severed confidentiality and non-disparagement provisions from the agreement. *See, e.g.*, *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *4 (M.D. Fla. Mar. 28, 2016) (recommending that the non-disparagement and confidentiality provisions be stricken from an FLSA settlement agreement that contained a severability provision), *report and recommendation adopted*, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016); *Rosario v. Petland Orlando S., Inc.*, No. 6:21-cv-713-RBD-LRH, 2021 WL 3183818, at *1 (M.D. Fla. July 23, 2021) (approving FLSA settlement agreement upon severance of confidentiality

provisions). Accordingly, I will respectfully recommend that the Court sever this provision from the Settlement Agreement pursuant to the severability clause found in the Agreement. *See* Doc. No. 23-1 ¶ 6 ("Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.").

**IV.   CONCLUSION.**

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part and DENY in part** the Joint Renewed Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (Doc. 23) as follows:

1. **SEVER** the confidentiality/non-disparagement provision (starting at Doc. No. 23-1, page 3, ¶ 5, second paragraph, third sentence, starting with the word "Similarly" through the end of that paragraph) from the Settlement Agreement;

2. **FIND** the parties' FLSA Settlement Agreement (Doc. No. 23-1), as amended by the Court, is fair and reasonable;

3. **DISMISS** this case with prejudice; and thereafter

4. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on April 11, 2022.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record